FILED
U.S. DISTRICT COURT

2006 OCT 31 P 2: 26

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| CHARLES ANTHONY WILLIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV206-094 |
| ) | |
| T. DARRELL HART, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Charles Anthony Willis ("Petitioner"), an inmate currently confined at Lowndes State Prison in Valdosta, Georgia, has filed an action pursuant to 28 U.S.C. § 2254 contesting the validity of his conviction. Respondent has filed an Answer-Response, asserting that the petition should be denied, and Petitioner has filed an Opposition-Response. For the following reasons, the petition should be **DENIED**.

## STATEMENT OF THE CASE

After pleading guilty to one count of armed robbery in 2002, Petitioner was sentenced by the Glynn County Superior Court to twelve years' imprisonment. Following the guilty plea, Petitioner filed a motion to withdraw his plea, and that motion was denied. Petitioner filed a direct appeal in the Georgia Court of Appeals, challenging the voluntariness of his guilty plea, and that court affirmed his conviction and sentence. Petitioner then filed a state habeas corpus petition challenging the guilty plea conviction, and his petition was denied. The Georgia Supreme Court subsequently denied Petitioner

a certificate of probable cause to appeal, and on April 3, 2006, Petitioner filed the instant action.

Petitioner contends that his guilty plea was involuntary, unintelligent, unknowing, and coerced, and that the plea should not have been accepted by the trial court. Petitioner further contends that he was denied effective assistance of trial counsel, alleging that his attorney coerced him into entering an involuntary and unintelligent guilty plea. Petitioner alleges that he was likewise denied the effective assistance of counsel on appeal, because his appellate counsel failed to raise errors and present evidence that would have reversed his conviction.

Respondent asserts that Petitioner entered his guilty plea knowingly and voluntarily. Respondent further asserts that Petitioner received effective assistance of counsel at trial and on appeal. Furthermore, Respondent contends that certain of Petitioner's claims of ineffective assistance of counsel are procedurally defaulted because Petitioner failed to present these claims before Georgia's courts.

## STANDARD OF DETERMINATION

As Petitioner filed his § 2254 application after the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised 28 U.S.C. § 2254(d) governs the determination of whether habeas relief is appropriate. Lindh v. Murphy, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997) (holding that the new provisions of chapter 153 are generally applicable only to cases filed after April 24, 1996). 28 U.S.C. § 2254(d) sets forth the deference to be afforded to a state court's legal determinations:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the

2

> merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Additionally, section 2254(e)(1) provides that a state court's determination of a factual issue "shall be presumed to be correct" until a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Thus, the AEDPA increases the deference to be given by the federal courts to the state court's factual findings and legal determinations. Neelley v. Nagle, 138 F.3d 917 (11th Cir. 1998).

In reviewing a petitioner's habeas claim under section 2254(d)(1), a court should first determine the law that was "clearly established" by the United States Supreme Court at the time the state court adjudicated the petitioner's claim. Williams v. Taylor, 529 U.S. 362, 390, 120 S. Ct. 1495, 1511, 146 L. Ed. 2d 389 (2000). After determining the clearly established law, the reviewing court should next determine whether the state court adjudication was "contrary to" clearly established Supreme Court case law or involved an unreasonable application of that clearly established Supreme Court law. Id. at 391, 120 S. Ct. at 1512. A state court's adjudication is contrary to clearly established Supreme Court case law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Id. at 413, 120 S. Ct. at 1523. A state court's decision involves an unreasonable application of clearly

established Supreme Court law if the "court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409, 120 S. Ct. at 1521.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Petitioner's Guilty Plea**

Petitioner alleges that he entered into his guilty plea unknowingly and involuntarily, and asserts that the trial court failed to swear him to an oath. Petitioner further contends that the trial court failed to ensure a sufficient factual basis for accepting his plea of guilty. Finally, Petitioner asserts that the trial court erred in not allowing him to timely withdraw his guilty plea. (Doc. No. 1, p. 6).

A.  **Petitioner's Guilty Plea Was Knowing and Voluntary**

A guilty plea must be knowing and voluntary because it constitutes a waiver of the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. Boykin v. Alabama, 395 U.S. 238, 243, 89 S. Ct. 1709, 1712, 23 L. Ed. 2d 274 (1969). The standard is whether the guilty plea "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31, 91 S. Ct. 160, 164, 27 L. Ed. 2d 162 (1970). Therefore, due process requires the Defendant to be actually informed of the charges against him and the possible penalties associated with such charges. Henderson v. Morgan, 426 U.S. 637, 645, 96 S. Ct. 2253, 2257-58, 49 L. Ed. 2d 108 (1976).

4

The state habeas court concluded that Petitioner's guilty plea was entered knowingly and voluntarily, with an understanding of his rights, in accordance with the standard of Boykin. (Resp. Ex. 2, p. 5). That court found that Petitioner was advised of his constitutional rights by the trial court at the time he entered the guilty plea, and that Petitioner acknowledged an understanding of those rights and the consequences of his plea. (Resp. Ex. 2, p. 4). The state habeas court referred to the transcript of the trial court's acceptance of the plea, which reflected a colloquy between the court and Petitioner wherein Petitioner was advised of the rights he was waiving and was questioned regarding the voluntariness of his decision to plead guilty. (Resp. Ex. 2, p. 4).

Furthermore, the record reflects that Glynn County Superior Court Judge James R. Tuten, Jr. conducted a hearing on Petitioner's motion to withdraw his guilty plea. (Resp. Ex. 4, p. 129, 131). In his order denying the motion, Judge Tuten determined that the evidence showed that Petitioner's guilty plea was entered freely, voluntarily, and intelligently, and that the arguments set forth in Petitioner's motion to withdraw the plea were without merit. (Resp. Ex. 4, p. 131). In addition, as noted above, the habeas court determined that Petitioner's guilty plea was voluntarily, freely, and intelligently made, a finding identical to that of Judge Tuten with regard to Petitioner's motion to withdraw his plea.

An inspection of the record before the habeas court indicates that its decision that Petitioner's guilty plea was not unconstitutionally obtained is not contrary to, or an unreasonable application of, Boykin. Petitioner was advised of the rights he was waiving by pleading guilty. Petitioner also expressed an understanding of the offenses he was

AO 72A
(Rev. 8/82)

charged with and the penalties attributable to those offenses. Therefore, Petitioner is not entitled to relief on this issue.

### B.  The Trial Court Had a Factual Basis for Accepting the Guilty Plea

The state habeas court, in rejecting Petitioner's claim that there existed no factual basis for his guilty plea, found that the trial court had sufficient evidence to support the plea. (Resp. Ex. 2, p. 7). The habeas court based its analysis on Uniform Superior Court Rule 33.9, which requires that an inquiry be made on the record as to the factual basis for a guilty plea. (Resp. Ex. 2, p. 6). The habeas court found that a factual basis did exist before the trial court, properly based upon the guilty plea colloquy with Petitioner and the facts set forth by the prosecutor, as required by state law. (Resp. Ex. 2, p. 7).

This Superior Court rule and case law interpreting the same appears to be an independent and adequate state law ground upon which to deny Petitioner's claim regarding the factual basis of his guilty plea, and is adequate to support the state habeas court's decision. See Spivey v. Head, 207 F.3d 1263, 1270 (11th Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 728, 111 S. Ct. 2546, 2554, 115 L. Ed. 2d 640 (1991)). Therefore, Petitioner is not entitled to relief on this claim.

### II.  Ineffective Assistance of Counsel

Petitioner contends that he received ineffective assistance of trial counsel because his attorney coerced him into entering a guilty plea and concealed Petitioner's case files. (Doc. No. 1, p. 6). Petitioner also contends that his appellate counsel was ineffective because counsel failed to research and raise certain errors on appeal. These contentions were raised by Petitioner in his state habeas corpus action, and the state habeas court considered and rejected the claims. (Resp. Ex. 1; Resp. Ex. 2, pp. 5-6).

6

A claim that a defendant did not receive effective assistance of counsel involves the right to counsel which guarantees not only assistance, but *effective* assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984). The standard governing ineffective assistance of counsel claims was set forth by the United States Supreme Court in Strickland, and the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id. at 686, 104 S. Ct. at 2064.

To be successful on an ineffective assistance of counsel claim, the defendant must satisfy a two-part test: (1) his counsel's performance was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced his defense so badly that there is a reasonable probability that it impacted the result. Id. at 687-88, 104 S. Ct. at 2064; Quince v. Crosby, 360 F.3d 1259, 1265 (11th Cir. 2004). When reviewing the level of performance provided by counsel, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

The state habeas court found Petitioner's ineffective assistance arguments to be "without merit and provid[ing] him no basis for relief." (Resp. Ex. 2, p. 5). Setting forth the two-prong Strickland test, the state habeas court found that Petitioner failed to establish the performance component of the standard and accordingly denied his Sixth Amendment claim. After having carefully examined the performance of both attorneys, the court found that "counsels' conduct fell within the range of reasonable, professional conduct." (Resp. Ex. 2, p. 6). An examination of the record before the state habeas court reveals that its

7

decision that Petitioner received effective trial and appellate assistance of counsel is not contrary to, or an unreasonable application of, Strickland. Therefore, Petitioner is not entitled to relief on this issue.

## III. Petitioner's Procedurally Defaulted Claims

Petitioner finally contends in his habeas petition before this Court that he received ineffective assistance of counsel first, because his trial counsel failed to inform him that greater charges had been reduced, and second, because his appellate counsel failed to introduce evidence that the charges had been reduced. (Doc. No. 1, p. 6). Respondent asserts that Petitioner's assertions of error in this regard have not been presented to the Georgia courts. (Doc. No. 3, p. 9). Thus, Respondent asserts, these two claims are procedurally defaulted under Georgia's successive petition rule. (Id.).

Ordinarily, when a state prisoner presents a "mixed" petition[1] containing both exhausted and unexhausted claims, "a district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004)

---

[1] The Supreme Court has determined that, in limited circumstances, a district court may grant a state habeas petitioner a stay and abeyance to allow the petitioner to present unexhausted claims to the state courts. The Supreme Court found that granting a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in the state court." Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d 440 (2005). However, it would be an abuse of discretion to grant a stay to a petitioner, even upon a showing of good cause, if his "unexhausted claims are plainly meritless." Id. In situations where a court presented with a mixed petition determines that a stay and abeyance is inappropriate, "the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. (emphasis supplied). It does not appear that dismissing Petitioner's instant petition based in part on the fact that he would be procedurally barred from bringing his claims in state court would impair his ability to obtain federal relief. If the state courts determined that Petitioner's claims are procedurally barred under O.C.G.A. § 9-14-51, this Court would likely defer to that determination. See Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

8

(quoting Rose v. Lundy, 455 U.S. 509, 510, 102 S. Ct. 1198, 1199, 71 L. Ed. 2d 379 (1982)). However, "[d]ismissing a mixed petition is of little utility . . . when the claims raised for the first time at the federal level can no longer be litigated on the merits in state court because they are procedurally barred." Id. "In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal court[']s adjudication of his petition." Id. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default," it is appropriate to "treat those claims now barred by state law as [providing] no basis for federal habeas relief." Id. (internal citation and punctuation omitted).

> In Georgia,
>
> all grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51. See Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) (noting that O.C.G.A. § 9-14-51 can and should be enforced in federal habeas proceedings against claims never presented in the state courts).

Petitioner raised ineffective assistance of trial and appellate counsel claims in his state habeas proceeding. However, in that proceeding, Petitioner asserted that his trial counsel coerced him into an involuntary guilty plea and concealed case files, and that his appellate counsel failed to research and raise certain errors on appeal. (Resp. Ex. 1, pp. 4-5). These claims, which the state habeas court determined were without merit, were discussed supra. However, the claims Petitioner brought during his state habeas

AO 72A
(Rev. 8/82)

proceedings did not include the additional ineffective assistance claims set forth in the instant petition. Petitioner fails to provide a reason why these claims were not brought in his state petition, and thus his claims relating to counsels' failures regarding reduction in his charges are procedurally barred pursuant to O.C.G.A. § 9-14-51, and provide no basis for federal habeas relief. See Chambers, 150 F.3d at 1327.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 31st day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)