IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

CHARLES ANTHONY WILLIS, )
)
Petitioner, )
)
v. ) CIVIL ACTION NO.: CV206-094
)
T. DARRELL HART, )
)
Respondent. )

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In his Objections, Petitioner recounts the factual contentions of his original 28 U.S.C. § 2254 petition, and contends that the Magistrate Judge erred in recommending its denial. Petitioner asserts that his guilty plea was unknowingly and involuntarily made and that no factual basis existed for the trial court to accept the plea. Petitioner further asserts that his counsel was ineffective. As the Magistrate Judge explained, however, revised 28 U.S.C. § 2254(d) requires that increased deference be afforded to the state court's legal determinations, and a federal court may only afford relief if the state court's findings are contrary to or an unreasonable application of Supreme Court law. Williams v. Taylor, 529 U.S. 362, 390-391, 120 S. Ct. 1495, 1511-1512, 146 L. Ed. 2d 389 (2000).

AO 72A
(Rev. 8/82)

Petitioner's assertions that his guilty plea was involuntarily and unknowingly made and that the plea lacked a factual basis were made to the state habeas court. The state court's application of Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969) in determining the voluntariness and intelligence of the plea was neither an unreasonable application of or contrary to Supreme Court law. Additionally, the state court had independent and adequate state law grounds upon which to deny Petitioner's claim regarding the factual basis of the plea. Furthermore, there was no unreasonable application of Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), which sets forth the standard governing Petitioner's ineffective assistance of counsel claims.

Finally, Petitioner objects to the Magistrate Judge's finding that certain of his ineffective assistance claims are procedurally defaulted. Petitioner contends that the trial court reduced the greater charges against him, and that his trial counsel failed to inform him of this fact and his appellate counsel failed to argue this point. Attached to his Objections, Petitioner presents filings from his state habeas proceedings in which he raises numerous claims that his trial and appellate counsel were ineffective. These claims, however, did not include the additional ineffective assistance claims set forth in the instant federal petition. Petitioner fails to provide any reason why he could not have reasonably raised these claims in his original state habeas petition. Therefore, in accordance with

O.C.G.A. § 9-14-51, these claims would be procedurally defaulted in state court and thus provide no basis for federal habeas relief.

Petitioner's Objections are without merit. The Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court. The petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, is hereby **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter an appropriate Judgment of Dismissal.

**SO ORDERED**, this 8th day of February, 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA